UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

DBSD NORTH AMERICA, INC., et al.,

                    Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SPRINT NEXTEL CORPORATION,

                    Appellant,


            -against-                                09 Civ. 10156 (LAK)

DBSD NORTH AMERICA, INC., et al.,                    (Chap. 11 Case No.
                                                      90-13061 (REG))
                    Appellees.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DISH NETWORK CORPORATION,

                    Appellant,


            -against-                                09 Civ. 10372 (LAK)
                                                     09 Civ. 10373 (LAK)

DBSD NORTH AMERICA, INC., et al.,

                    Appellees.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


                    **MEMORANDUM AND ORDER**


LEWIS A. KAPLAN, *District Judge.*

                    This matter is before the Court on motions by Sprint Nextel Corporation ("Sprint")

in 09 Civ. 10156 (LAK) and DISH Network Corporation in 09 Civ. 10372 (LAK) and 09 Civ. 10373

(LAK), pursuant to Bankr. R. 8017, for a stay of any further action to consummate the plan of

reorganization for 14 days in the event the Federal Communications Commission ("FCC") approves

the license transfers contemplated by the plan.  They argue that FCC approval is the only remaining condition to consummation of the plan, that it is uncertain when the Commission will complete its review, and that consummation of the plan during the pendency of the appeals from this Court's decision would threaten Sprint and DISH with equitable mootness of their appeals and thus with the loss of an opportunity for further appellate review.

I

There is at the outset a question as to whether Bankr. R. 8017 empowers this Court to grant the relief Sprint Nextel seeks.

Rule 8017(b) permits a district court to stay its judgment pending an appeal to the Court of Appeals.  In this case, the order from which the movants appeal affirmed the Bankruptcy Court's Confirmation and Designation Orders.  It thus left the Bankruptcy Court's orders in place. A stay of this Court's order pending appeal to the Court of Appeals would not affect the Bankruptcy Court's orders and thus accomplish nothing.  What movants really want is a stay of the orders of the bankruptcy judge, which is governed by Bankr. R. 8005, not a stay of the order of this Court.

Rule 8005 provides that a motion to stay an order of a bankruptcy judge pending appeal "ordinarily must be presented to the bankruptcy judge in the first instance."  While the district judge may grant such relief, a motion to the district judge "shall show why the relief . . . was not obtained from the bankruptcy judge."

In this case, Sprint has not demonstrated that it presented the bankruptcy judge with its application for a stay of the orders of the Bankruptcy Court pending an appeal from this Court's order of affirmance to the Court of Appeals.  That alone is fatal to Sprint's motion.

II

The debtors for some reason have not made the argument dealt with immediately above in regard to the motion of DISH, thus necessitating consideration of its application on its merits.  Moreover, the Court addresses the merits of the Sprint motion against the possibility that the Court of Appeals would take a different view of the Bankruptcy Rules governing stays.

Four factors must be balanced in determining whether a stay should be issued: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected."[1]

A.      *Irreparable Injury to Movants*

There is a division of authority as to whether the risk that an appeal may become moot in the absence of a stay pending appeal constitutes threatened irreparable injury.  I share the view, however, that it does where the denial of a stay pending appeal risks mooting any appeal of a significant claim of error.[2]  The  seriousness and likelihood of the irreparable injury threatened in a case such as this, however, is inextricably related to the appellants' likelihood of success on the merits.[3]

_____

[1]        *In re Adelphia Communications Corp.,* 361 B.R. 337, 347 (S.D.N.Y. 2007).

[2]        *See id.* at 347-48.

[3]        It is worth mentioning, however, that Sprint and DISH waited five and 14 days, respectively, after the expiration of the 14-day stay provided by Bankr. Rule 8017 before seeking a stay from this Court.  This tends to undercut their irreparable injury claim.  *See, e.g., Tough*

4

B.      *Threatened Injury to Debtors and Others*

The question of potential injury to the appellees if a stay of the Bankruptcy Court's orders were granted must be considered in light of the fact that appellants seek a stay only for a 14-day window following FCC action.[4]  I put to one side appellees' argument that they would incur additional costs and interest during such fourteen day period, essentially because they could be protected against such expenses by conditioning a stay upon appellants' agreement to indemnify them to that extent.  Far more substantial, however, are the facts that (1) the confirmed chapter 11 plan is premised, in part, on a commitment of exit financing of $53.75 million, and (2) the exit financing commitment now is set to expire on May 19, 2010.[5]  If the commitment in fact does expire before the plan becomes effective, the entire restructuring may fall apart.[6]

I am not so näive as to believe that an extension of the financing commitment is not at least a possibility.  Nor, however, am I so näive as to assume that it inevitably will be extended. Given the present state of the record and the overall world financial situation, I find that there is at least a cognizable risk that it will not be extended and, in consequence, that there is a threat of irreparable injury to the debtors if a stay were granted.  Were a stay granted, and were the FCC to act promptly in a manner that would have permitted plan consummation absent a stay, the existence

---

*Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir.1995) ("failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests that there is, in fact, no irreparable injury").

[4]

To be sure, appellants probably would seek a further stay if the FCC were to act in a manner that would permit consummation of the plan.  But it would be inappropriate to anticipate such motions in deciding those now before the Court.

[5]

Chang Decl. ¶ 4.

[6]

*Id.*

of a stay might lead to the unraveling of the entire restructuring.

C.      *Likelihood of Success on the Merits*

      Both the Bankruptcy Court and Court already have ruled against appellants on all material issues.  The chance of success in the Court of Appeals therefore would appear to be less than likely.  Bearing in mind, however, that likelihood of success – in the sense of probability – is not indispensable to a successful stay application, however, an additional word is appropriate.

      The appellate arguments of both appellants rest in part on contentions that the Bankruptcy Court clearly erred in certain factual findings and in part on claimed errors of law.

      The arguments that rest on quarrels with the Bankruptcy Court's factual findings at this point are essentially frivolous.  There is, in my judgment, very little chance that the Court of Appeals would disturb factual findings below that this Court already has upheld as not clearly erroneous.

      The scope of review by the Court of Appeals on issues of law is *de novo* and thus broader than its review of factual matters.  That naturally means that there is a perhaps greater chance of a reversal on legal than factual grounds, all other things being equal.  That said, however, I do not regard any of the legal arguments advanced by appellants as having any very substantial likelihood, even short of a probability, of success on appeal.

D.      *The Public Interest*

      If there is a public interest at stake here, it is in allowing companies that have confirmed plans of reorganization to consummate those plans and emerge from chapter 11 without unnecessary delay so that they may become successful entities.  Certainly no public interest would

6

be served by granting appellants even a 14-day stay in circumstances in which the existence of such a stay could result in the expiration of the commitment for exit financing and the failure of the plan of reorganization.


                                                    III

        Appellants' motions for a stay of any further action to consummate the plan of reorganization for 14 days in the event the FCC approves the license transfers contemplated by the plan (Nos. 09 Civ. 10156 (LAK) [DI 60]; 09 Civ. 10372 (LAK) [DI 58]; 09 Civ. 10373 (LAK) [DI 50]) are denied.

        SO ORDERED.

Dated:          May 7, 2010


                                        _____
                                                    Lewis A. Kaplan
                                            United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)